STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY E. HAMMONS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1349**  (BOR Appeal No. 2046144)
                    (Claim No. 2004030436)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**A & R TRANSPORT, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Gary E. Hammons, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by David Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2012, in which the Board affirmed a June 30, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 4, 2010, decision granting Mr. Hammons temporary total disability benefits from October 18, 2005, through July 25, 2006. The Office of Judges also affirmed the claims administrator's March 8, 2010, decision closing Mr. Hammons's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hammons was injured in the course of his employment as a truck driver when he slipped and struck his left leg on the back of his vehicle on January 5, 2004. Mr. Hammons initially treated with Michael Shramowiat, M.D., for a compensable contusion and swelling of the left leg following the January 5, 2004, injury. On January 4, 2010, this Court reversed an October 15, 2007, Order of the Board of Review and added disc protrusion at L5-S1, lumbar radiculopathy, and lumbar strain as compensable components of the claim. This Court also reopened the claim for further consideration of temporary total disability benefits and granted temporary total disability benefits from October 18, 2005, through July 25, 2006. On February 4, 2010, the claims administrator granted Mr. Hammons temporary total disability benefits from October 18, 2005, through July 25, 2006, in accordance with this Court's Order. On March 8, 2010, the claims administrator closed the claim for temporary total disability benefits. In a deposition taken on August 18, 2010, Dr. Shramowiat stated that Mr. Hammons has not reached maximum medical improvement with regard to his lower back injuries. He further stated that Mr. Hammons remains temporarily and totally disabled after July 25, 2006, but went on to admit that he had not submitted any documentation to the claims administrator indicating that Mr. Hammons remained temporarily and totally disabled.

In its Order affirming the February 4, 2010, and March 8, 2010, claims administrator's decisions, the Office of Judges held that Mr. Hammons was not temporarily and totally disabled after July 25, 2006, as a result of the January 5, 2004, compensable injury. Mr. Hammons disputes this finding and asserts that the evidence of record demonstrates that he remained temporarily and totally disabled beyond July 25, 2006, and is therefore entitled to additional temporary total disability benefits.

As was noted by the Office of Judges, Mr. Hammons's lumbar spine symptoms, although apparent in a 2005 MRI, were not added as compensable components of the claim until six years after the date of injury. However, the Office of Judges found that the evidence of record does not address the continuation of Mr. Hammons's temporary total disability benefits beyond July 25, 2006. The Office of Judges further found that although Dr. Shramowiat testified that Mr. Hammons remained temporarily and totally disabled after July 25, 2006, he failed to provide any evidence in support of his testimony. The Office of Judges then concluded that the preponderance of the evidence does not support an award of temporary total disability benefits beyond July 25, 2006. The Board of Review reached the same reasoned conclusions in its decision of October 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:   March 28, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum